**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Brian ISON and Ryan Ison,**
**Defendants–Appellants.**

Nos. 01–5907, 01–5934.

United States Court of Appeals,
Sixth Circuit.

June 26, 2003.

**666**

Before CLAY and GIBBONS, Circuit Judges; and DUGGAN, District Judge.*

DUGGAN, District Judge.

Defendants–Appellants Brian and Ryan Ison appeal their conviction of conspiring and attempting to manufacture methamphetamine, and conspiring to possess and possessing materials used to manufacture a controlled substance.

Brian and Ryan both challenge the sufficiency of the evidence supporting their convictions. In addition, Ryan argues that the district court erred in giving him a two-point enhancement for possessing a handgun when he was acquitted of all handgun charges. Brian also appeals, *pro se*, his sentence under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and brings an ineffective assistance of counsel claim. For the reasons stated below, the convictions, as well as the sentences of both defendants-appellants, are affirmed.

a. *Brian Ison*

On February 15, 2001, police executed a search warrant at a trailer and barn located on a farm in Garrard County, Kentucky, and found equipment and chemicals used in the manufacture of methamphetamine. Ryan and Brian Ison were found in the trailer and arrested along with several other individuals. At trial, one officer testified that the amount of chemicals found in the trailer and barn was "conducive to a manufacturing plant, if you will, of methamphetamine." (J.A. at 127).

Brian contends that the Government presented insufficient evidence to support his conviction. The standard of review for claims of insufficient evidence is "whether, after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Evans*, 883 F.2d 496, 501 (6th Cir.1989)(quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)(emphasis in original)).

Brian was convicted of attempting to manufacture and conspiring to manufacture 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 846. In order to prove a conspiracy under 21 U.S.C. § 846, the Government must prove "the existence of an agreement to violate the drug laws and that each conspirator knew of, intended to join and participated in the conspiracy." *United States v. Pearce*, 912 F.2d 159, 161 (6th Cir.1990)(quoting *United States v. Stanley*, 765 F.2d 1224, 1237 (5th Cir. 1985)). The Government need not prove the existence of a formal agreement; rather, "a tacit or material understanding

* The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation.

among the parties is sufficient to show a conspiracy." *Id.* at 161 (citing *United States v. Hughes,* 891 F.2d 597, 601 (6th Cir.1989)). "Testimony by co-conspirators alone can be sufficient to prove the existence of a conspiracy." *United States v. Copeland,* 321 F.3d 582, 600 (6th Cir.2003) (citation omitted).

■ In this case, the Government presented sufficient evidence to support conspiracy charges. The Government introduced physical evidence of the conspiracy found at the farm where Brian and Ryan were arrested. This evidence included equipment used in the manufacturing of methamphetamine, as well as precursor chemicals. In addition, the jury heard extensive testimony from Government witnesses and co-conspirators as to the role of the Isons in the conspiracy to manufacture methamphetamine. These witnesses testified that they cooked methamphetamine multiple times with Ryan and Brian, that both Ryan and Brian carried out steps in the manufacturing process, and that after the 'cooks,' Ryan and Brian each received portions of the methamphetamine produced.

■ Brian also argues the evidence was insufficient as to the amount of methamphetamine supporting his conviction because no witness was able to testify with any specificity that he had been involved in the manufacture of more than 500 grams of methamphetamine. This argument is without merit. A DEA chemist testified that the net weight of substances seized at the farm containing methamphetamine amounted to 439.4 grams. This witness also testified that 11.2 grams of pure methamphetamine was found. In addition, three Government witnesses testified that they cooked methamphetamine with both Ryan and Brian. Collectively, these witnesses testified to cooking methamphetamine with the Isons between 23 and 30 times. The amount produced during each

"cook" varied from 3.5 to approximately 170 grams of methamphetamine. Based on this testimony, a jury could have found beyond a reasonable doubt that the quantity of methamphetamine involved in the conspiracy exceeded 500 grams.

Brian has also brought a *pro se* motion to amend his direct appeal to include an *Apprendi* claim. *Apprendi v. New Jersey* holds that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Brian failed to raise an objection to the alleged error by the district court on the *Apprendi* issue; therefore, this Court reviews this claim under the plain error standard. *See United States v. Bartholomew,* 310 F.3d 912, 926 (6th Cir.2002). Under this standard, before an appellate court can correct an error not raised at the trial level, there must be: 1) error, 2) that is plain, and 3) that affects substantial rights. *Id.* at 926. Brian has failed to meet the first part of this test.

■ The jury found Brian guilty on Counts 1 (conspiracy to manufacture 500 grams or more of methamphetamine) and 3 (attempting to manufacture 500 grams or more of methamphetamine). As to both counts, the jury specifically found the amount of mixture or substance containing a detectable amount of methamphetamine to be "500 grams or more." (J.A. 83, 85). Under 21 U.S.C. § 841(b)(1)(A), violations involving 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine are punishable by a term of imprisonment not less than 10 years or more than life. In this case, Brian's sentence of 135 months did not violate *Apprendi* because his sentence did not exceed the statutory maximum.

Brian's ineffective assistance of counsel claim stems from his counsel's unwillingness to raise an *Apprendi* claim on direct appeal. In order to prevail on an ineffective assistance of counsel claim, Brian must demonstrate both that his counsel's performance was deficient, and that this deficiency prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Brian's *Apprendi* claim is without merit. Therefore, Brian cannot demonstrate that his counsel's failure to pursue this claim prejudiced him.

b. *Ryan Ison*

Ryan also argues that the evidence presented against him was insufficient to support a conviction. Like his brother, Ryan argues that the only evidence of the conspiracy came from the testimony of co-defendants who had a motive to lie in order to get a reduction in their own sentences. This argument is not well-taken. In the context of a sufficiency of the evidence claim, "it is well-settled that on appeal, there 'is no place . . . for arguments regarding a government witness's lack of credibility.' " *United States v. Talley*, 164 F.3d 989, 996 (6th Cir.1999)(quoting *United States v. Adamo*, 742 F.2d 927, 934–935 (6th Cir.1984)).

As discussed above, there was sufficient evidence from which a jury could have found Ryan guilty of conspiring to manufacture and attempting to manufacture 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. There was also sufficient evidence as to Counts 4 and 5 (conspiring to possess and possessing equipment, chemicals, products and materials used to manufacture a controlled substance). Testimony showed that Ryan stayed in the trailer

at the farm for weeks at a time. Also, testimony of a surveillance officer showed that Ryan had actual possession of a safe box in which two pounds of ephedrine product (precursor to methamphetamine) were found. Ryan's presence in the trailer on the day of his arrest, coupled with the extensive testimony of Government witnesses detailing Ryan's role in the manufacture of methamphetamine is sufficient evidence such that a rational jury could have found Ryan guilty on Counts 4 and 5.

Ryan also contends that his two point enhancement for the possession of a handgun during the commission of a drug offense was improper. The district court imposed the enhancement under the United States Sentencing Guidelines over the objection of Ryan's counsel.[1] In overruling the objection, the district court acknowledged that Ryan had been acquitted of the gun charge, but nonetheless found by a preponderance that Ryan possessed the gun at issue.

■ For purposes of sentencing under the Guidelines, a district court's finding that a defendant possessed a firearm during a drug crime is a factual finding subject to the clearly erroneous standard of review. *United States v. Duncan*, 918 F.2d 647, 650 (6th Cir.1990). An officer testified that on February 15, 2001, the day of his arrest, Ryan came out of the trailer, "went to the black GMC pickup and pulled a silver handgun out of the cab. and then returned to the trailer." (J.A. 143–144). Based on this testimony, the district court's finding that Ryan possessed a firearm during a drug crime was not clearly erroneous.

The commentary to § 2D1.1 provides that: "The enhancement for weapon possession reflects the increased danger of

---

1. For offenses involving drugs under 21 U.S.C. § 841(b), the Guidelines provide for an increase of 2 levels "[i]f a dangerous weapon (including a firearm) was possessed." U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(b)(1).

violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S. SENTENCING GUIDELINES MANUAL § 2D1.1, cmt. n. 3 (2002).

Based on Ryan's actual possession of the gun and the proximity of the gun seized to materials used for the manufacture of methamphetamine, it is not "clearly improbable" that the gun was connected to the drug offense.

### Conclusion

For the reasons stated above, the appellants' convictions and sentences are affirmed.